

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

Hon. J. Piner Powell
County Attorney
Brown County
Brownwood, Texas

Dear Sir:

Opinion No. O-2214

Re: Is a constable in a county where the sheriff is on a salary basis, entitled to his original arrest fees in a felony case where the defendant is properly indicted and convicted, but sentenced in district court to the penitentiary or to the county jail, and in which no money is paid into the court by the defendant?

Your letter of April 11, 1940, requesting an opinion of this department on the above stated question, has been received.

Your letter reads as follows:

"What procedure does a Constable report to collect his arrest fees, where the sheriff in the same county is paid on a salary basis?

"I refer to a felony case, where the defendant is indicted by the grand jury, and the case is disposed of by a conviction in the penn or properly sentenced to the county jail on a felony charge.

"I refer to Art. 1065, C.C.P.

"It is our understanding that some constables over the state have been collecting original arrest fees in felony cases, where the defendant is later indicted by the grand jury, and the case disposed of. So far in this county the constable has been collecting no fees in such cases, except where reduced to misdemeanors on the trial of the case, or so reduced by the grand jury upon indictment.

"Therefore, I would like an opinion on the following.

"'Is a Constable, in a county where the sheriff is on a salary basis, entitled to his original arrest fees, in a felony case, where the defendant is properly indicted and convicted, but sentenced in District Court to the penn or to the county jail, and in which no money is paid into the court by the defendant?'"

According to the last Federal Census the population of Brown County is 26,382 inhabitants. The county officials of said county are compensated on an annual salary basis, and the precinct officials are compensated on a fee basis.

Article 1065, Code of Criminal Procedure, provides certain fees for the sheriff, or other peace officers performing the same services in a misdemeanor case, to be taxed against defendant on conviction.

Article 1030, Code of Criminal Procedure, specifically provides certain fees for the sheriff or constable for definite services performed by them in felony cases in counties having a population of less than 40,000 inhabitants, as shown by the preceding Federal Census.

Section 17 of Article 3912e, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Sec. 17. (a) The term 'Precinct Officers' as used in this Act means justices of the peace and constables.

" * * * * * *

In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the County out of the Officers' Salary Fund such fees and commissions as would otherwise be paid him by the State for such services."

Article 1019 of the Code of Criminal Procedure reads as follows:

"If the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail or convicted of a misdemeanor, no costs shall be paid by the State to any officer. All costs in such cases shall be taxed, assessed and collected as in misdemeanor cases."

In view of the foregoing statutes you are respectfully advised that it is the opinion of this department that in counties where the county officials are compensated on a salary basis and the precinct officers are compensated on a fee basis, the constable is entitled to the statutory fees for all services actually performed by him in felony cases, said fees to be paid by the county out of the Officers' Salary Fund when said fees would otherwise be paid him by the State for such services.

You are further advised that where a defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both, such fine and confinement in the county jail or convicted of a misdemeanor, no fees can be paid a constable for services rendered in such cases by the county out of the Officers' Salary Fund or any other fund, such fees shall be taxed, assessed and collected as in misdemeanor cases.

In felony cases where a constable is entitled to fees to be paid out of the Officers' Salary Fund he shall be paid on warrants approved by the county auditor in the counties having a county auditor; otherwise all claims against the Officers' Salary Fund shall first have been audited and approved by the commissioners' court of said county and the money shall be disbursed on such approved claims by warrants drawn by the county treasury on said fund.

Trusting that the foregoing fully answers your inquiry, we remain

                                   Yours very truly

                                   ATTORNEY GENERAL OF TEXAS


                              By   s/ Ardell Williams
                                   Ardell Williams
                                   Assistant


AW:ob:wc


APPROVED APRIL 23, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee by s/BWB Chairman